1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                      SACRAMENTO DIVISION

11

PATRICK LEMIEUX AND DEBRA              Case No.:  2:09-cv-02816-JAM-EFB
12  LEMIEUX ,
                                       **ORDER ON PLAINTIFFS' MOTION**
13              Plaintiffs,            **TO  REMAND AND DEFENDANTS'**
                                       **MOTION TO DISMISS**
14          vs.

15  LITTON LOAN SERVICING, LP, *et al.,*

16              Defendants.

17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Court's Order at the December 9, 2009 hearing on the motion to dismiss by defendants Litton Loan Servicing LP and Bank Of America, N.A. as Successor by Merger to LaSalle Bank N.A., Trustee, Mortgage Asset-Backed Pass-Through Certificates Series 2007-RP (erroneously sued herein as Bank Of America, N.A.) ("Defendants") and the motion to remand by plaintiffs Patrick and Debra LeMieux, Defendants hereby submit the following proposed order for the Court's review.

## ORDER

This matter comes before the Court on a Motion to Dismiss filed by defendants Litton Loan Servicing LP ("Litton") and Bank Of America, N.A. as Successor by Merger to LaSalle Bank N.A., Trustee, Mortgage Asset-Backed Pass-Through Certificates Series 2007-RP (erroneously sued herein as Bank Of America, N.A.) ("BofA", and with Litton, "Defendants") on October 16, 2009 ("Motion to Dismiss"), and a Motion to Remand filed by plaintiffs Patrick and Debra LeMieux ("Plaintiffs") on October 22, 2009 ("Motion to Remand").  Defendants have also filed a Request for Judicial Notice ("RJN"), which is unopposed.  The Court heard argument on the Motion to Dismiss and Motion to Remand on December 9, 2009.

## I.      PROCEDURAL BACKGROUND

On August 24, 2009, Plaintiffs filed their complaint in the Superior Court for the State of California for the County of El Dorado ("Superior Court"), Case No. PC 20090525 ("Complaint").  The Complaint alleged eleven causes of action: two federal claims for violation of the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2605, et seq. ("RESPA") and Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), and nine state-law claims.

On October 9, 2009, Defendants removed the state court action to this Court on the basis that the Complaint alleges raises questions of federal law.  In their notice of removal ("Notice"), Defendants stated that, as far as they were aware, co-defendants Fremont Investment and Loan ("Fremont") and Bayview Lending, Inc. ("Bayview") had not been served and had not appeared in the state court action.  (Notice at 2.)  The Notice also states that, "[a]s of October 9, 2009, no proof of service has been filed in the Superior Court with respect to either of the co-defendants."

(*Id.* at 2-3.)  Neither Fremont nor Bayview appeared in this action to indicate whether they consent to Defendants' removal.

On October 16, 2009, Defendants filed their Motion to Dismiss the Complaint.  Less than a week later, on October 22, Plaintiffs filed their Motion to Remand.  On December 8, the day before the hearing on both motions, Plaintiffs filed a first amended complaint ("FAC").  For the reasons set forth below, the Court strikes the FAC, orders Plaintiffs to file a second amended complaint within 20 days of entry of this Order, denies the Motion to Dismiss as moot, and denies the Motion to Remand.

## II.    ORDER

### Motion to Dismiss

Defendants seek dismissal of the action for two reasons.  First, Defendants argue that Plaintiffs lack standing to pursue any of their claims.  According to the Motion to Dismiss, plaintiff Debra LeMieux lacks standing because she was neither a borrower on the loan at issue, nor an owner of the property that secured the loan.  (Motion to Dismiss, at 3-4.)  In addition, according to the motion, Plaintiffs lack standing because they have not offered to tender the full balance of their debt, as required by California's so-called "tender rule".  (*Id.* at 4-6.)  Second, Defendants argue that even if Plaintiffs had standing, each of their causes of action fails to state a claim as a matter of law. (*Id.* at 6-20.)

In violation of Local Rule 78-230(c), Plaintiffs did not file an opposition or statement of non-opposition to the Motion to Dismiss.  *See* L.R. 78-230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.").  Instead, Plaintiffs filed a "Notice of Plaintiffs' Intention to File Amended Complaint" on November 20, 2009 ("Notice of Intent").

On December 2, 2009, Defendants filed a reply brief ("Reply"), stating that "[t]he Notice is insufficient to moot the Motion, as the Notice is not an amended complaint and therefore does not constitute an amended pleading."  (Reply at 1.)  The next day, Plaintiffs filed a response to the

Reply ("Sur-Reply"), arguing that Federal Rule 15(a) allows them to file an amended compliant once as a matter of right before Defendants file a responsive pleading.  (Sur-Reply at 3.)  On December 6, 2009, Defendants filed an objection to the Sur-Reply.  On December 8, the day before the hearing on the Motion to Dismiss, Plaintiffs filed their FAC.

The Court agrees with Defendants that each of the eleven causes of action in Plaintiffs' Complaint is legally defective.

First, Plaintiffs allege that Defendants violated the California Foreclosure Prevention Act ("CFPA") in violation of Civil Code Section 2923.52.  (Compl. ¶¶ 25-28.)  But as Defendants point out, they could not have violated the CFPA because the statute did not become effective until June 15, 2009, long after Mr. LeMieux had defaulted on his loan.  (RJN, Ex. 8.)  *See also Kamp v. Aurora Loan Services*, 2009 WL 3177636, at *3 (C.D. Cal. Oct. 1, 2009) (dismissing CFPA claim where notice of sale was issued one week before effective date of CFPA); *Pantoja*, 2009 WL 2423703, at *6 ("California Civil Code provisions are not retroactive unless so declared. . . . Section 2923.52 does not contain any retroactivity declarations.").

Second, Plaintiffs also allege that Defendants violated Civil Code Section 2923.54. (Compl. ¶¶ 29-31.)  But this claim fails because they do not explain how Defendants violated the statute, or how they were prejudiced by the supposed procedural irregularity.  As the Supreme Court recently explained, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Without factual allegations describing the procedural error, and a showing that Plaintiffs were prejudiced by the error, Plaintiffs cannot state a claim as a matter of law.  *See id.*; *Knapp v. Doherty*, 123 Cal.App.4th 76, 92 (2004).

Third, Plaintiffs contend that Defendants violated Section 2031.6 of the California Code of Regulations by failing to "act within a reasonable time period on a request to modify" Plaintiffs' loan.  (Compl. ¶ 33.)  The problem for Plaintiffs, however is that Section 2031.6 is part of the CFPA, and their claim under that statute fails for the same reasons as their claim under Civil Code Section 2923.52.

[PROPOSED] RESPONSE TO FINAL APPROVAL MOTIONORDER
Case No.:  2:09-cv-02816-JAM-EFB

Fourth, Plaintiffs' claim under the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2605, et seq. ("RESPA") fails for three reasons. (Compl. ¶¶ 35-39.) To start with, Plaintiffs have not pled facts showing they suffered actual damages. Their failure to do so defeats their RESPA claim. *See Jones v. Select Portfolio Servicing, Inc.*, 2008 WL 1820935, at *9-10 (E.D. Pa. Apr. 22, 2008) (RESPA claim insufficient because "Plaintiff does not properly plead causation and damages to support her RESPA claim" and does not "allege a causal link between the alleged violations and the alleged damages") (citation and internal quotation marks omitted).

Further, Plaintiffs have not pled facts showing that they mailed a QWR to the address designated by Litton for the purpose of receiving QWRs. *See Catalan v. RBC Mortg. Co.*, 2008 WL 2741159, at *5 (N.D. Ill. July 8, 2008) ("If the servicer chooses to establish a separate and exclusive office and address, borrowers who fail to submit their QWRs to that location do so at their peril.").

In addition, even if Plaintiffs did plead such facts, their claim fails because they have not alleged facts showing that they satisfied the statutory requirements of a QWR. *See Walker v. Equity I Lenders Group*, 2009 WL 1364430, at *4-5 (S.D. Cal. May 14, 2009) (citing 12 U.S.C. § 2605(e)(1) (B)) (a "qualified written request must enable the servicer to identify the name and account of the borrower, and include a statement of the reasons for the belief of the borrower that the account is in error").

Fifth, Plaintiff's claim under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") is legally defective for three reasons. (Compl. ¶¶ 40-43.) As a preliminary matter, the claim is time-barred because Plaintiffs consummated their loan on June 7, 2005, but did not file this action until August 24, 2009, long after the one-year statute of limitations expired. *See Walsh v. Countrywide Home Loans, Inc.*, 2009 WL 2080469, at *3 n.1 (N.D. Cal. July 13, 2009) (TILA "contains a one-year statute of limitations for the recovery of monetary damages, which time period runs from the date of the occurrence of the violation") (citing 15 U.S.C. § 1640(e)).

Moreover, Plaintiffs have not alleged facts showing how Litton and BofA, as the servicer and assignee, can be held liable for violations that allegedly occurred at the time of the loan origination. *See Marks v. Ocwen Loan Servicing*, 2008 WL 344210, at *2 (N.D. Cal. Feb. 6,

[PROPOSED] RESPONSE TO FINAL APPROVAL
MOTIONORDER
Case No.: 2:09-cv-02816-JAM-EFB

2008) (dismissing TILA claim with prejudice because "loan servicers are not liable under TILA . . . unless the loan servicer owned the loan obligation"); id. at *3 ("a TILA claim may be asserted against an assignee only for 'violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents'").

Plaintiffs' cause of action also fails because they have not pled facts sufficient to state a claim. The only "material disclosures" that can lead to liability for damages or rescission under TILA are disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the 3-day right to rescind certain real estate-secured loans. *See* 15 U.S.C. §§ 1638(a)(2)-(6), (9), 1640(a); 12 C.F.R. § 226.23(a)(3) & n.48. Plaintiffs' claim here is based on Defendants' purported failure to "correctly calculate[e] the APR" and to "fully disclose the payments of all commissions and fees". (Compl. ¶ 42.) But other than these bare conclusions, the Complaint fails to explain how the APR was incorrectly calculated, or which payments of commissions and fees were not disclosed.

Sixth, Plaintiffs' fraud claim fails because it is not pled with particularity. (Compl. ¶¶ 44-50.) Allegations of fraud must meet the heightened pleading standards of Fed. R. Civ. P. 9(b), which requires allegation of "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at *3 (N.D. Cal. Nov. 7, 2007) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) (*en banc*)). Plaintiffs, however, do not identify specific representations or any factual detail about those representations. Indeed, the Complaint is of such boilerplate that although it charges all "defendants" with fraud (Compl. ¶ 48), it inconsistently pleads that the representations (whatever they are) were made only by Fremont and Bayview (*id.* ¶ 45). This generalized, boilerplate style of pleading does not satisfy Rule 8's notice-pleading requirements, let alone the heightened particularity requirement of Rule 9(b).

Plaintiffs' seventh, eighth, ninth, and eleventh claims for "declaratory relief", "injunction", "damages", and "determination of validity of lien", respectively, all fail for the simple reason that each of those "claims" is a form of relief, not an independent cause of action.

1    *Aguero v. Mortgageit, Inc.*, 2009 WL 2486311, at *8 (E.D. Cal. Aug. 12, 2009) ("A request for

2    Damages cannot form the basis of a separate cause of action."); *Lopez v. Chase Home Finance*,

3    LLC, 2009 WL 1120318, at *6 (E.D. Cal. Apr. 24, 2009) ("In addition, damages is not a stand-

4    alone claim but rather a remedy and an element of a cause of action."); *Santos v. Countrywide*

5    *Home Loans*, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive

6    relief are not independent claims, rather they are forms of relief."); (Compl. ¶¶ 51-60, 67-69).

7        Plaintiff's tenth cause of action for violation of California's Unfair Competition Law

8    ("UCL") is legally defective for two reasons.  (*Id.* ¶¶ 61-66.)  First, to the extent the claim is

9    based upon "fraudulent" business practices, Plaintiffs are required to plead their claim with

10    particularity, which they have not done.  *See, e.g., Morris*, 2007 WL 3342612, at *5 (Rule 9(b)

11    applies to a claim of fraudulent business practices violating the UCL); *Hartless v. Clorox Co.*,

12    2007 WL 3245260, at *6, *8 (S.D. Cal. Nov. 2, 2007) (Rule 9(b) applies to UCL claims based on

13    fraudulent business practices).  Second, to the extent Plaintiffs' UCL cause of action is based

14    upon the "unlawful" and "unfair" conduct that underpins their other theories of liability, their

15    UCL claim fails for the same reasons their other claims fail.

16        The Court therefore agrees with Defendants that each of Plaintiffs' eleven claims is

17    legally defective.  Had Plaintiffs not filed their FAC on the afternoon before the hearing on the

18    Motion to Dismiss, the Court would have dismissed the first, second, seventh, eighth, ninth, and

19    eleventh claims with prejudice, and dismissed the remaining claims with leave to amend.  The

20    Court would also have dismissed the Complaint with leave to amend on the ground that Plaintiffs

21    failed to allege a valid tender of the indebtedness for which the subject property was security.  *See*

22    *Anaya v. Advisors Lending Group*, 2009 WL 2424037, at *10 (E.D. Cal. Aug. 5, 2009) ("An

23    action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause

24    of action which a court of equity recognizes."); *Pantoja v. Countrywide Home Loans, Inc.*, 640

25    F.Supp.2d 1177, 1183-84 (N.D. Cal. July 9, 2009) ("Under California law, in an action to set

26    aside a trustee's sale, a plaintiff must demonstrate that he has made a 'valid and viable tender

27    [offer] of payment of the indebtedness.'") (quoting *Karlsen v. American Sav. & Loan Ass'n*, 92

28    Cal.Rptr. 851, 854 (1971)).  By filing their FAC on the eve of the hearing, however, Plaintiffs

1    have successfully mooted the Motion to Dismiss and avoided a ruling dismissing the Complaint

2    on the grounds set forth above.

3           The FAC itself is unremarkable.  With a few exceptions that would not change the

4    analysis set forth above, the FAC's allegations are identical to those pled in the original

5    Complaint.  It is certainly Plaintiffs' right to file an amended complaint once as a matter of right,

6    no matter how similar it might be to the original Complaint.  *See* Fed. R. Civ. P. 15(a).  However,

7    neither the Federal Rules nor this District's Local Rules allow parties to create costly chaos in

8    what should be an orderly and efficient process, as Plaintiffs have done here.

9           For instance, by filing the Notice of Intent after Defendants filed the Motion to Dismiss,

10   Plaintiffs forced Defendants to needlessly incur the cost of briefing a response to what is an

11   obviously boilerplate and legally defective pleading.  They then forced Defendants to incur

12   additional legal costs by filing the Sur-Reply, which Plaintiffs should have known would (and

13   did) prompt an objection from Defendants.  Even worse, by filing the FAC on the afternoon

14   before the hearing, *after* the Court researched the parties' arguments and prepared for the hearing,

15   Plaintiffs forced the Court to needlessly expend its own time and resources.

16          The conduct of Plaintiffs' counsel, Brian R. Katz, is sanctionable, as it has forced

17   Defendants and the Court to needlessly expend time and resources in reviewing and responding to

18   frivolously filed papers.  Mr. Katz is therefore ordered to pay $500.00 to Defendants and $250.00

19   to the Court's non-appropriated fund account.  Further, because the FAC is virtually identical to

20   the Complaint, and would not withstand another Rule 12(b)(6) challenge, Plaintiffs are instructed

21   to file a second amended complaint that is well-researched and cures the defects identified in this

22   Order.  Plaintiffs shall file the second amended complaint within 20 days of entry of this Order.

23   Because the FAC is no longer the operative complaint, Defendants shall not answer or otherwise

24   respond to the FAC.  Defendants shall instead answer or otherwise respond to the second

25   amended complaint within the time permitted by Federal Rule of Civil Procedure 15(a)(3).

26                              **Motion to Remand**

27          On October 22, 2009, Plaintiffs filed their Motion to Remand.  The Motion to Remand

28   does not dispute that this Court has jurisdiction over Plaintiffs' claims, that removal was timely,

1    or that the action was removed to the correct district court.  Nor does the Motion to Remand

2    contend that Fremont should have consented to the removal.  The only basis for Plaintiff's motion

3    is that Bayview had been served, and that the absence of its consent defeats removal.

4          Plaintiffs do not claim to have served Bayview in compliance with California Code of

5    Civil Procedure ("CCP") Section 416.10, which governs service upon corporations.  They instead

6    contend that they served Bayview on September 10, 2009 by substituted service upon its agent for

7    service of process.  (Motion to Remand at 5; Proof of Service (Dkt. No. 9) ("Proof") at 1.)

8    According to their Proof, Plaintiffs served "Dara Trifeletti, agent for service" at 4205 Rimini

9    Way, El Dorado Hills, CA 95762.  (Proof at 1.)  The Proof also states, however, that Plaintiffs did

10   not personally serve "Dara Trifeletti"; they instead served "Mo Sweeney", who is identified as a

11   "roommate, business partner".  (*Id.*)  This service attempt was defective.  *See Matthews Metals*

12   *Products, Inc. v. RBM Precision Metal*, 186 F.R.D. 581, 582 (N.D. Cal. 1999) (denying motion to

13   remand where non-removing defendant was not properly served); *see also Salveson v. W. States*

14   *Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (superseded in irrelevant part by

15   statute); *Cmty. Bldg. Co. v. Maryland Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925).

16         CCP Section 415.20(a) lays out a two-step process for substituted service upon an entity

17   "[i]n lieu of personal delivery of a copy of the summons and complaint" to "the person designated

18   as agent for service of process" by the defendant.  CCP §§ 415.20(a), 416.10(a).  First, rather than

19   serve the designated agent, a plaintiff must "leav[e] a copy of the summons and complaint during

20   usual office hours" with the "person who is apparently in charge" of the agent's office.  CCP

21   § 415.20(a).  Second, the plaintiff must "thereafter mail[] a copy of the summons and complaint

22   by first-class mail" to the same office.  *Id.*

23         In their reply papers, Plaintiffs argue that Ms. Trifeletti is authorized to act as Bayview's

24   agent for service of process.  However, even if Ms. Trifeletti is Bayview's agent, service was not

25   effective because Plaintiffs did not personally serve Ms. Trifeletti.  Plaintiffs instead attempted to

26   complete service by "substituted service" upon someone identified in the Proof as "Mo Sweeney-

27   Roommate, Business Partner".  (Proof at 1.)  Under CCP § 415.2(a), if Plaintiffs cannot serve the

28   designated agent, they are required to leave copies of the pleadings with the "person who is

[PROPOSED] RESPONSE TO FINAL APPROVAL
MOTIONORDER
Case No.:  2:09-cv-02816-JAM-EFB

1  apparently in charge" of the agent's office.  CCP § 415.20(a).  As a roommate and business

2  partner, Mr. Sweeney is not "apparently in charge" of the office.  *Id.*  Bayview was therefore

3  improperly served, and its consent was not required.  Accordingly, Plaintiff's Motion to Remand

4  is denied.  *See Matthews Metals*, 186 F.R.D. at 582; *Salveson*, 731 F.2d at 1429-30; *Cmty. Bldg.*

5  *Co.*, 8 F.2d at 678-79.

### III.    CONCLUSION

7       For the reasons set forth above, the Court rules as follows: Plaintiffs' Motion to Remand

8  is denied; Plaintiffs shall file a second amended complaint within 20 days of entry of this Order;

9  Defendants' Motion to Dismiss is denied as moot; as the FAC is no longer the operative

10 complaint, Defendants shall not answer or otherwise respond to the FAC, and shall instead

11 answer or otherwise respond to the second amended complaint (if any) within the time permitted

12 by Federal Rule 15(a)(3); Plaintiffs' counsel, Brian R. Katz, shall pay sanctions in the amount of

13 $500.00 to Defendants and $250.00 to the Court's non-appropriated fund account.

14      IT IS SO ORDERED.

16 DATED:  12/21/2009                    _____/s/ John A. Mendez_____
                                        THE HONORABLE JOHN A. MENDEZ
17                                      UNITED STATES DISTRICT JUDGE

19 Submitted by:

20 SEVERSON & WERSON
   A Professional Corporation
21   Regina J. McClendon
     Kalama M. Lui-Kwan
22
     __/s/ Kalama M. Lui-Kwan___
23       Kalama M. Lui-Kwan

24 One Embarcadero Center, Suite 2600
   San Francisco, CA  94111
25 Telephone:  (415) 398-3344
   Facsimile:  (415) 956-0439