IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK LEMIEUX AND DEBRA LEMIEUX,

    Plaintiffs,

        v.

LITTON LOAN SERVICING, LP, et al.,

    Defendants.
_____/

Case No. 09-02816-JAM-EFB

<u>ORDER GRANTING DEFENDANT'S
     MOTION FOR FEES</u>

    This matter is before the Court on Defendants' Litton Loan Servicing, LP and Bank of America, N.A. as Successor by Merger to LaSalle Bank N.A., Trustee, Mortgage Asset-Backed Pass-Through Certificates Series 2007-RP ("Defendants'") Motion to Expunge Plaintiffs' Patrick and Debra Lemieux's ("Plaintiffs'") lis pendens. Defendants also move for an award of attorney's

fees pursuant to California Code of Civil Procedure Section 405.38. Plaintiffs oppose the motions.[1]

On December 18, 2009, Defendants filed a Motion to Expunge the Lis Pendens on Plaintiffs' property located at 708 Ponte Delgado Court, El Dorado Hills, California ("the Property"). On January 8, 2010, Plaintiffs voluntarily dismissed their suit against Defendants, without prejudice, and withdrew the lis pendens. Plaintiff's have now re-filed the suit in state court and recorded a new lis pendens.

At this time, the motion to expunge the lis pendens is moot, as the lis pendens has already been withdrawn. However, the lis pendens was not withdrawn until after Defendants' filed the motion to expunge and incurred the costs associated with the motion. For the reasons set forth in Defendants' Reply brief, the Court has jurisdiction to award fees. California Code of Civil Procedure Section 405.38 states that, "The Court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." The Court finds that Plaintiff has not acted with

---

[1] These motions were determined suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

substantial justification or that other circumstances make the imposition of attorney's fees unjust. Indeed, the Court finds that Plaintiff's counsel created unnecessary work for both this Court and opposing counsel.

Accordingly, given the underlying facts of this case and Plaintiffs' apparent financial hardship, the Court orders that the award of attorney's fees shall be paid by Plaintiff's attorney. See Justo v. Indymac Bancorp, 2010 WL 623715, at *12 (C.D. Cal. Feb. 19, 2010)(requiring plaintiffs' attorney to pay the fee award under California Code of Civil Procedure section 128.6, on the grounds that the filing of the lis pendens was frivolous and made solely for the purpose of delaying disposition of the property).

ORDER

For the foregoing reasons, the Court hereby awards Defendants $3,025.00 in attorney's fees. This award is to be paid by Plaintiffs' attorney Brian Katz, within 20 days.

IT IS SO ORDERED.

Dated: March 31, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE